TIMOTHY V. KASSOUNI, SBN 142907
R.S.RADFORD, SBN 137533
KASSOUNI LAW
621 Capitol Mall, Suite 2025
Sacramento, CA 95814
Telephone: (916) 930-0030
Facsimile: (916) 930-0033
E-Mail: Timothy@kassounilaw.com

Attorneys for Plaintiffs Citizens for Free Speech and Equal Justice, LLC
and GTL Enterprises, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS FOR FREE SPEECH AND EQUAL JUSTICE, LLC; GTL ENTERPRISES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE,<br><br>Defendant. | Case No:<br><br>**COMPLAINT FOR CIVIL RIGHTS VIOLATION, INJUNCTIVE AND DECLARATORY RELIEF, AND DAMAGES**<br><br>**Civil Rights Action (42 U.S.C. Section 1983) for Damages, Declaratory Relief, and Injunctive Relief**<br><br>**1. 42 U.S.C. § 1983 [Free Speech]**<br>**2. 42 U.S.C. § 1983 [Equal Protection]**<br>**3. 42 U.S.C. § 1983 [Due Process]**<br>**4. 42 U.S.C. § 1988 [Civil Rights]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs allege the following:

This action challenges provisions of the City of San Jose's Municipal Code ("Code") that unconstitutionally interfere with and unlawfully restrict the rights of Plaintiffs and others to free speech, equal protection, and due process of law under the First and Fourteenth Amendments to the United States Constitution. Plaintiffs are making an as-applied, facial, and overbreadth challenge to the subject provisions. Plaintiffs seek declaratory and injunctive relief to prevent the City of San Jose from enforcing its unconstitutional sign regulations, and damages resulting from the chilling of Plaintiffs' First Amendment protected activity. The City of San Jose has the burden to establish that its sign regulations are constitutional, and it cannot do so.

## PARTIES

1. Plaintiff CITIZENS FOR FREE SPEECH AND EQUAL JUSTICE, LLC ("Citizens") is a California limited liability corporation qualified to do business in California.

2. Plaintiff GTL Enterprises, LLC ("GTL") is a California Limited Liability Company.

3. Defendant CITY OF SAN JOSE ("City") is a charter city organized and existing pursuant to the laws of the State of California, and is a "person" subject to suit within the meaning of 42 U.S.C. § 1983. It is vested with the adoption of regulations and approval of signs within its geographic limits.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Plaintiffs seek to redress a deprivation of free speech, equal protection, due process, and civil rights guaranteed by the First and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983. The City of San Jose has the burden to establish that its sign regulations are constitutional, and it cannot do so.

## INTRADISTRICT ASSIGNMENT

5. Pursuant to Civil L.R. 3-2(c), this case shall be assigned to the San Jose Division because the action arises in Santa Clara County. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2). Defendant is a charter city in Santa Clara County, the actions complained of took place in this judicial district, evidence is

KASSOUNI LAW
621 Capitol Mall, Ste 2025
Sacramento, CA 95814
Tel: (916) 930-0030 ◆ Fax: (916) 930-0033

maintained in this district, the property on which the signs will be erected is in this district, and but for the unlawful regulations and practices of Defendant, Plaintiffs would not be at risk of monetary fines and deprivation of property.

## FACTS COMMON TO ALL CAUSES OF ACTION

### Plaintiffs' Signs and Structures

6. Plaintiff GTL is the owner of a parcel of land located at 300 E. Gish, within the City (the "Parcel").

7. Plaintiff Citizens has entered into an agreement with GTL for the construction and display of signs on the Parcel. Under the terms of the agreement between Citizens and GTL, each will receive a portion of any proceeds earned from the display of signs on the Parcel.

8. Pursuant to its agreement with GTL, Plaintiff Citizens has made substantial capital outlays to purchase signs to display on the Parcel, as well as for supporting structures for the signs. These expenditures have been made in reliance on Plaintiffs' right to use the signs on the Parcel to engage in both commercial and noncommercial speech protected by the First Amendment to the United States Constitution.

9. On or about December 10, 2018, Plaintiff Citizens began installing three sign footings which they intend to use to support signs which will be leased to others for the purpose of displaying political and other speech. These three footings will carry 12 electronic message centers and/or static signs stating viewpoints on important public issues as well as commercial advertising. The speech on all such signs is protected under the First and Fourteenth Amendments to the United States Constitution.

10. Because no building permit for the erection of signs can be issued under Code Section 1748.210 without a sign permit, and Plaintiffs cannot obtain a sign permit under Code Section 2302.505, it would have been futile for Plaintiffs to apply for a building permit before erecting their signs.

11. If Plaintiffs are prevented from using their signs and structures for their intended purpose of displaying constitutionally-protected commercial and noncommercial speech, those signs and structures will have no remaining economically viable use, and Plaintiffs' investment

KASSOUNI LAW
621 Capitol Mall, Ste 2025
Sacramento, CA 95814
Tel: (916) 930-0030 ◆ Fax: (916) 930-0033

in them will be lost.

12. On or about March 27, 2018, Plaintiff GTL received correspondence from Defendant City's Code Enforcement Inspector Manuel Duarte, alleging the installation of a "digital display that is 3x the size of a billboard w/o permits" on GTL's parcel. The correspondence requested that the owner of the parcel contact Mr. Duarte "to arrange a property inspection" and that failure to do so may require the City to "take further enforcement action as appropriate." The correspondence is attached hereto as Exhibit A. This correspondence has chilled Plaintiffs' speech, particularly as no speech has yet been displayed.

Defendant's Sign Regulations

13. Defendant City regulates the display of signs within its jurisdiction in its Code, including the Sign Ordinance in Title 23 of the Code ("the Sign Ordinance"). Plaintiffs challenge every Defendant City Code provision that affects the erection and display of signs.

14. Any person who wishes to display a sign in the City, other than an exempt sign, is required to first obtain a permit in accordance with the permitting process set out in the Sign Ordinance. The Sign Ordinance provides that only signs which conform to the regulations may be granted permits.

15. Additionally, before a structure may be erected on which to place a sign, a building permit for the structure must be obtained. In order to obtain such a building permit, the applicant must have a valid sign permit.

16. Code Section 23.02.1310 unjustifiably exempts many types of signs from regulation under the Sign Ordinance. Some exemptions are based on the content of the signs, and the Code provides a blanket exemption for signs erected by the City. Such exempted signs may be placed in any district of the City, without a permit and without being subject to the regulations with which other signs must comply. By exempting signs displaying certain content from the permitting requirements of the Sign Ordinance, the City engages in an illegal preference for some speakers and viewpoints over others. These content and viewpoint-based exemptions render the City's limitations on signs unconstitutional.

Defendant's Sign Permitting Process

17. The City's permitting procedures for signs constitute an illegal prior restraint on speech.

18. Signs are a well-recognized form of speech protected by the First Amendment. The United States Supreme Court has recently provided cities with clear guidelines for the application of First Amendment principles to signs in *Reed v. Town of Gilbert, Ariz.* 576 US __, 135 S. Ct. 2218 (2015). Defendant City's sign regulations and permitting procedures violate these guidelines and conflict with a substantial body of First Amendment law.

19. Unless enjoined by this Court, Defendant City will apply the provisions of the Code to refuse to issue sign permits and building permits for Plaintiffs' signs and structures, and will proceed to remove the signs Plaintiffs have erected on the Parcel, all in violation of Plaintiffs' constitutional rights, thereby causing irreparable injury, as damages alone cannot fully compensate Plaintiffs for the ensuing harm. This threat of injury from continuous violations of Plaintiffs' free speech and equal protection rights requires temporary, preliminary, and permanent injunctive relief.

20. Because provisions of the Sign Ordinance comprise a prior restraint on speech and draw content-based and speaker-based distinctions, the Sign Ordinance is presumptively unconstitutional. Defendant bears the burden to show, under strict scrutiny, that its sign regulations are consistent with the First Amendment. (*Reed v. Town of Gilbert, Ariz.*, *supra*, 135 S. Ct. at 2231.) Inasmuch as Defendant bears the burden of proof, Plaintiffs do not waive any issue.

**FIRST CAUSE OF ACTION**

**FOR VIOLATION OF RIGHT OF FREE SPEECH UNDER THE UNITED STATES CONSTITUTION: ILLEGAL PRIOR RESTRAINT**

21. Plaintiffs incorporate by reference paragraphs 1 through 20 of this Complaint as though set forth herein in their entirety.

22. The City's permitting process constitutes an illegal prior restraint, depriving Plaintiffs of rights secured by the First Amendment to the United States Constitution.

23. The deprivation of Plaintiffs' free speech rights is subject to action pursuant to 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

## FOR VIOLATION OF RIGHT OF FREE SPEECH UNDER THE UNITED STATES CONSTITUTION: CONTENT-BASED SPEECH RESTRICTION

24. Plaintiffs incorporate by reference paragraphs 1 through 23 of this Complaint as though set forth herein in their entirety.

25. Defendant's Sign Ordinance as set forth herein subjects the exercise of Plaintiffs' free speech rights to restrictions based on the content of the speech, or the identity of the speaker. Defendant has the burden of proving a compelling justification for the content-based and speaker-based preferences contained in the Sign Ordinance, and cannot do so.  Defendant also has the burden of proving that the Sign Ordinance is narrowly tailored to advance a compelling governmental interest, and cannot do so. . Defendant's Sign Ordinance thereby subjects Plaintiffs to the deprivation of rights secured by the First Amendment to the United States Constitution.

26. The deprivation of Plaintiffs' free speech rights is subject to action pursuant to 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION

## FOR VIOLATION OF RIGHT OF EQUAL PROTECTION UNDER THE UNITED STATES CONSTITUTION

27. Plaintiffs incorporate by reference paragraphs 1 through 26 of this Complaint as though set forth herein in their entirety.

28. Defendant's Sign Ordinance as set forth herein subjects Plaintiffs to the deprivation of equal protection rights secured by the Fourteenth Amendment to the United States Constitution.

29. The deprivation of Plaintiffs' equal protection rights is subject to action pursuant to 42 U.S.C. § 1983.

COMPLAINT

## FOURTH CAUSE OF ACTION

## FOR VIOLATION OF RIGHT OF DUE PROCESS UNDER THE UNITED STATES CONSTITUTION

30. Plaintiffs incorporate by reference paragraphs 1 through 29 of this Complaint as though set forth herein in their entirety.

31. Defendant's Sign Ordinance as set forth herein subjects Plaintiffs to the deprivation of due process rights secured by the Fourteenth Amendment to the United States Constitution.

32. The deprivation of Plaintiffs' due process rights is subject to action pursuant to 42 U.S.C. § 1983.

## FIFTH CAUSE OF ACTION

## FOR CIVIL RIGHTS VIOLATIONS

33. Plaintiffs incorporate by reference paragraphs 1 through 32 of this Complaint as though set forth herein in their entirety.

34. This action is brought to vindicate Plaintiffs' civil rights under the United States Constitution pursuant to 42 U.S.C. § 1983.

35. As such, Plaintiffs are entitled to attorney's fees and costs, and expert fees pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Defendants:

1. For temporary, preliminary, and permanent injunctive relief barring the City and all its employees, agents, and attorneys from taking any action, directly or indirectly, to damage, destroy, or remove Plaintiffs' signs and supporting structures under authority of the Code;

2. For temporary, preliminary, and permanent injunctive relief barring the City and all its employees, agents, and attorneys from taking any action, directly or indirectly, to require Plaintiffs to obtain a sign permit under the Sign Ordinance before displaying Plaintiffs' signs or to obtain a sign permit in order to be entitled to a building permit for Plaintiffs' structures;

3. For declaratory relief declaring that Defendant's Sign Ordinance, facially and as applied to Plaintiffs, violates the First, Fifth, and Fourteenth Amendments. No prior approval is

KASSOUNI LAW
621 Capitol Mall, Ste 2025
Sacramento, CA 95814
Tel: (916) 930-0030 ◆ Fax: (916) 930-0033

1  required for Plaintiffs to post speech signs due to the Constitutional defects in the Sign

2  Ordinance;

3      4.    For additional actual, consequential, and other special damages in an amount

4  according to proof at trial, but in excess of $100,000.00;

5      5.    For reasonable attorneys' fees pursuant to statute(s);

6      6.    For nominal damages;

7      7.    For costs of suit; and,

8      8.    For such other and further relief as the Court deems just, equitable, and proper.

10 DATED: MARCH 28, 2018

TIMOTHY V. KASSOUNI
KASSOUNI LAW

By   /s/ Timothy V. Kassouni

TIMOTHY V. KASSOUNI

Attorneys for Plaintiffs Citizens for
Free Speech and Equal Justice, LLC
and GTL Enterprises, LLC

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: MARCH 28, 2018

TIMOTHY V. KASSOUNI
KASSOUNI LAW

By   /s/ Timothy V. Kassouni

TIMOTHY V. KASSOUNI

Attorneys for Plaintiffs Citizens for
Free Speech and Equal Justice, LLC
and GTL Enterprises, LLC

KASSOUNI LAW
621 Capitol Mall, Ste 2025
Sacramento, CA  95814
Tel: (916) 930-0030 ◆ Fax: (916) 930-0033